HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN D. BANG, an individual, | CASE NO. 3:21-cv-05834-BJR |
| Plaintiff, | CONSENT DECREE |
| v. | |
| LACAMAS SHORES HOMEOWNERS ASSOCIATION, a Washington nonprofit corporation, | |
| Defendant. | |

## I. STIPULATIONS

Defendant Lacamas Shores Homeowners Association ("HOA") owns Clark County Tax Lot 84839000 (the "HOA Property"). The HOA Property contains a storm drainage and treatment system (the "System") that is designed to convey and remove pollutants from stormwater within the Lacamas Shores development prior to discharge into adjacent wetlands on property owned by the City of Camas and then to Lacamas Lake. The System includes, among other things, bubbler pipes that are intended to convey stormwater laterally across portions of the HOA Property ("Bubbler Pipes") and wetlands that are designed to remove pollutants from stormwater through biofiltration ("Biofilter").

CONSENT DECREE - 1
No. 3:21-cv-05834-BJR

Plauché & Carr LLP
1218 3rd Avenue, Suite 2000
Seattle, WA 98101
Phone: 206.588.4188

Plaintiff Steven D. Bang owns Clark County Tax Lot 92232678, address 2701 NW Lacamas Dr., Camas, Washington, 98607. Plaintiff's property is directly adjacent to the HOA Property.

On August 12, 2021, Plaintiff sent Defendant a letter pursuant to Section 505(b)(1)(A) of the Clean Water Act ("CWA"), 33 U.S.C. § 1365(b)(1)(A), notifying Defendant of these alleged violations and of Plaintiff's intent to bring a CWA citizen suit. On August 17, 2021, Plaintiff sent Defendant a revised version of Attachment 5 to the Notice Letter.

On November 12, 2021, Plaintiff commenced this action by filing a complaint against Defendant for these alleged CWA violations.

On December 7, 2021, Defendant filed an answer to Plaintiff's complaint, denying liability for violations of the CWA.

Plaintiff alleges that the System is in disrepair and that it is adding, rather than removing, the pollutants phosphorus, suspended solids, and dissolved inorganic chemicals, which pollutants are then being discharged into the adjacent wetlands and then into Lacamas Lake.

The HOA alleges that it has complied with direction and guidance received from the City of Camas and Washington Department of Ecology. The Bubbler Pipes have reached the end of their service life and will be replaced as discussed *infra*.

Plaintiff and Defendant ("Parties") engaged in discovery and filed motions for summary judgment as to certain elements of CWA liability. The Court entered orders in response to those motions, including an order dated October 31, 2022, granting in part and denying in part Plaintiff's and Defendant's cross-motions for summary judgment (Dkt. 30), and an order dated December 18, 2023, granting Plaintiff's motion for partial summary judgment and denying Defendant's motion for summary judgment (Dkt. 56). The Parties subsequently filed joint status reports on January 22 April 4, and April 26, 2024, stating they have agreed to settle this dispute and plan to file a proposed consent judgment with the court no later than May 7, 2024 (Dkt. 59, 60, 61).

CONSENT DECREE - 2
No. 3:21-cv-05834-BJR

Plauché & Carr LLP
1218 3rd Avenue, Suite 2000
Seattle, WA 98101
Phone: 206.588.4188

After Plaintiff sent Defendant its CWA citizen suit notification letter, Defendant retained an environmental consulting firm, Landau Associates, to investigate the System. Landau Associates conducted a site investigation on October 26, 2021, and reviewed documentation relating to the System. In 2022, Landau Associates prepared the following three reports documenting their findings and recommendations: (1) Wetland Evaluation, dated April 1, 2022[1]; (2) Stormwater System Evaluation and Conceptual Design, dated April 1, 2022; and (3) Report of Recommendations, dated June 3, 2022. The Wetland Evaluation rates the Biofilter as a Category III wetland. The Stormwater System Evaluation and Conceptual Design and Report of Recommendations identify certain limitations with the System. These limitations result in decreased water retention time in the treatment wetlands, and Landau Associates identifies the original design and age of the existing Bubbler Pipes as a cause of the decreased retention time. To remedy these limitations, Landau Associates recommends moving the Bubbler Pipes above ground and encasing them in a gabion stone structure to facilitate regular maintenance. Landau Associates opines that these improvements will result in better distribution of stormwater across the Biofilter and improve water retention time, which is a measurement associated with improved water quality.

Defendant believes that the improvements recommended by Landau Associates, specifically installation of above-ground Bubbler Pipes as set forth in Exhibit A, which is incorporated herein by reference (the "Project"), will adequately remedy the current problems with the System, and Defendant is in the process of performing these improvements. In 2023, Defendant approved an assessment of up to $259,000 to fund the Project, and Defendant is committed to expending $18,000 per year for annual maintenance within the System for 10 years. These funds are intended to cover the Project's design, permitting, and construction costs. Defendant has submitted permit applications to the City of Camas to authorize construction of the Project. Landau

---

[1] Landau Associates subsequently prepared a revised Wetland Evaluation dated February 3, 2023.

CONSENT DECREE - 3
No. 3:21-cv-05834-BJR

Plauché & Carr LLP
1218 3rd Avenue, Suite 2000
Seattle, WA 98101
Phone: 206.588.4188

1  Associates has opined that permits that enhance the function of wetlands are generally approved
2  with appropriate mitigation, and Defendant is reasonably optimistic that it will obtain all required
3  approvals for the Project.

4  For purposes of this Consent Decree, the Parties stipulate that the Court has jurisdiction
5  over the Parties and the subject matter of this action under section 505(a) of the CWA, 33 U.S.C.
6  § 1365(a).

7  The Parties agree that settlement of this matter is in the best interest of the Parties and the
8  public and that entry of this Consent Decree without additional litigation is the most appropriate
9  means of resolving this action.  The Parties have also settled and dismissed a separate, but related
10 lawsuit brought by Plaintiff against Defendant in Clark County Superior Court (Case No. 22-2-
11 01987-06).

12 The Parties stipulate to the entry of this Consent Decree without trial, adjudication, or
13 admission of any issues of fact or law regarding the claims and allegations set forth in Plaintiff's
14 notice of intent to sue and complaint. By entering into this Consent Decree, Defendant does not
15 admit and expressly denies liability for all claims alleged by Plaintiff in the notice letter and citizen
16 suit.

17 The signatories for the Parties certify that they are authorized by the party they represent
18 to enter into these Stipulations and Consent Decree.

| Steven D. Bang | Lacamas Shores Homeowners Association |
|---|---|
| By: *Steven D. Bang* (DocuSigned)<br>Steven D. Bang | By: *Ryan Wills* (DocuSigned)<br>Ryan Wills, President of Lacamas Shores Homeowners Association |
| Plauché & Carr LLP<br><br>By: *s/Jesse DeNike*<br>   Jesse DeNike, WSBA #39526<br>   Samuel W. (Billy) Plauché, WSBA #25476<br>   *Attorneys for Steven D. Bang* | Vial Fotheringham LLP<br><br>By: *s/ Christopher M. Tingey*<br>   Christopher M. Tingey, WSBA #39944<br>   *Attorneys for Lacamas Shores*<br>   *Homeowners Association* |

CONSENT DECREE - 4
No. 3:21-cv-05834-BJR

Plauché & Carr LLP
1218 3rd Avenue, Suite 2000
Seattle, WA 98101
Phone: 206.588.4188

## II. ORDER AND DECREE

This matter came before the Court upon the foregoing Stipulations of the Parties and joint motion for entry of Consent Decree. Having considered the Stipulations and the terms and conditions set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. The Joint Motion to Approve Consent Judgment, Dkt. No. 62, is granted.

2. This Court has jurisdiction over the Parties and the subject matter of this action pursuant to section 505(a) of the CWA, 33 U.S.C. § 1365(a).

3. This Consent Decree shall inure to the benefit of, and be binding upon, the Parties and their successors, assigns, officials, agents, representatives, officers, directors, and employees. Changes in the organizational form or status of a party shall have no effect on the binding nature of this Consent Decree or its applicability.

4. Upon entry of this Consent Decree, all claims alleged in Plaintiff's notice of intent to sue letter and complaint shall be released, and Plaintiff's remedies with respect to the claims in this case shall thereafter be limited to those contained in this Consent Decree.

5. This Consent Decree and any injunctive relief ordered within applies solely to Defendant's operation and oversight of the System.

6. Defendant shall diligently pursue all required authorizations for construction, operation, and maintenance of the Project. Defendant shall provide all information required in support of such authorizations and take all other actions required to obtain such authorizations.

7. Upon obtaining all required authorizations for the Project, Defendant shall expeditiously construct and/or install the Project, as described in Exhibit A, within eighteen months to coincide with summer building seasons.

8. Defendant shall comply with all terms and conditions of authorizations for the Project, including any requirements to construct, install, furnish, or otherwise provide mitigation for the Project.

CONSENT DECREE - 5
No. 3:21-cv-05834-BJR

Plauché & Carr LLP
1218 3rd Avenue, Suite 2000
Seattle, WA 98101
Phone: 206.588.4188

9. Subsequent to construction and/or installation of the Project, Defendant shall take all reasonable actions to maintain the above-ground Bubbler Pipes and associated stormwater conveyance infrastructure.

10. In the quarter following completion of construction and/or installation of the Project, Defendant shall begin conducting water quality sampling as follows:

    a. Water Quality Sampling.

Sampling will be conducted at one (1) location proximate to the inlet of each of the two "bubbler" treatment systems, three (3) locations along the west side of the wetland where surface and ground water enters the wetland, and at one (1) location proximate to each concrete outlet, downstream of each of the "bubbler" treatment systems, for a total of seven (7) samples. The sampling locations will be documented and mapped for consistency with future sampling events. Each sampling location shall have a unique identifier and each sample shall be identified by the sampling location and date. All sampling will be done by a qualified professional, selected by Defendant. The sampling professional will prepare a detailed sampling, analysis and quality assurance plan for review by Defendant in accordance with standard water quality sampling and chain of custody protocols. (Joy. 2019)[2]. After collection, samples will be processed by an accredited water quality testing laboratory, selected by Defendant, using standard industry approved methods.

The sampling events are to occur once per quarter[3] during business hours. Sample collection should occur within the first 12 hours of discharge from the bubblers during a rain event of at least 0.3 inches of rain whenever possible. If samples cannot be collected within the first 12 hours, samples are to be collected as soon as possible. The fourth quarter sample must be conducted

---

[2] Joy, J. 2019. Standard Operating Procedure EAP015, Version 1.4: Manually Obtaining Surface Water Samples. Washington State Department of Ecology, Olympia. https://apps.ecology.wa.gov/publications/SummaryPages/2103208.html

[3] The 1st Quarter is January, February, and March; the 2nd Quarter is April, May, and June; the 3rd Quarter is July, August, and September; and the 4th Quarter is October, November, and December.

CONSENT DECREE - 6
No. 3:21-cv-05834-BJR

Plauché & Carr LLP
1218 3rd Avenue, Suite 2000
Seattle, WA 98101
Phone: 206.588.4188

during the first rain event of at least 0.3 inches of rain following October 1. If there is no rain event of at least 0.3 inches of rain in a quarter, Defendant shall collect the samples when adequate discharge from the bubbler structures as well as from the outlets of the wetland is present during business hours.

Samples shall be collected in laboratory-provided sample containers with preservative appropriate for the analytical method. Samples will be transported in a cooler on ice and delivered to the Washington Department of Ecology-accredited water quality test laboratory using chain of custody protocols. The laboratory will analyze the samples for the following parameters: TP (total phosphorus) $PO_4$ (phosphate) by US Environmental Protection Agency Method 365.1, total suspended solids, conductivity, and $NO_3$ (nitrate).

      b. Sampling Duration and Results Reporting.

Sampling shall occur quarterly for a duration of five (5) years. Sampling results will be tabulated for each sampling period with clearly identified values for inlet and outlet locations. Results will be submitted quarterly to the Defendant and within two (2) business days of receipt, the results will be posted on the HOA Portal with a notification email to members.

      c. Additional Monitoring and/or Corrective Action.

Within 60 days after the year 5 monitoring program set forth above is completed, Defendant's technical consultant will make a written recommendation as to whether additional monitoring and/or corrective action should be undertaken. Defendant shall provide this written recommendation to Plaintiff, and Plaintiff may retain its own technical consultant to review the monitoring results and written recommendation of Defendant's consultation. If Plaintiff's and Defendant's technical consultant agree that water quality results indicate that no additional monitoring or corrective action is required, no further monitoring or corrective action will be required. If Plaintiff's technical consultant and Defendant's technical consultant agree that water quality results indicate corrective action and/or additional monitoring is necessary, a corrective action and/or monitoring plan will be developed and implemented and agreed to by both technical

CONSENT DECREE - 7  
No. 3:21-cv-05834-BJR

Plauché & Carr LLP  
1218 3rd Avenue, Suite 2000  
Seattle, WA 98101  
Phone: 206.588.4188

consultants. If the technical consultants disagree about whether corrective action and/or additional monitoring should occur, they will choose a third, qualified technical consultant, the expense of which will be shared equally by Plaintiff and Defendant, to resolve the dispute and determine corrective action and/or additional monitoring. The Defendant will implement the corrective action recommended by the third independent technical consultant including additional monitoring, if recommended.

11. The Parties agree, and this Court by entering this Agreement finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

12. Within sixty (60) days of entry of this Consent Decree, Defendant shall make a CWA penalty payment of ten thousand and 00/100 dollars ($10,000) to the United States Treasury.

13. A force majeure event is any event outside the reasonable control of the Defendant that causes a delay in performing tasks required by this Consent Decree that cannot be cured by due diligence. Delay in performance of a task required by this Consent Decree caused by a force majeure event is not a failure to comply with the terms of this Consent Decree, provided that the Defendant timely notifies Plaintiff of the event, the steps that the Defendant will take to perform the task, the projected time that will be needed to complete the task, and the measures that have been taken or will be taken to prevent or minimize any impacts resulting from delay in completing the task.

14. The Defendant will notify Plaintiff of the occurrence of a force majeure event as soon as reasonably possible, but in any case no later than fifteen (15) days after the Defendant becomes aware of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event. By way of example and not limitation, force majeure events include:

CONSENT DECREE - 8
No. 3:21-cv-05834-BJR

Plauché & Carr LLP
1218 3rd Avenue, Suite 2000
Seattle, WA 98101
Phone: 206.588.4188

a. Acts of God, war, insurrection or civil disobedience;

b. Earthquakes, landslides, fire, floods;

c. Actions or inactions of third parties over which the Defendant has no or limited control;

d. Unusually adverse weather conditions;

e. Restraint by court order or order of public authority;

f. Strikes;

g. Any permit or other approval sought by the Defendant from a government authority to implement any of the actions required by this Consent Decree where such approval is not granted or is delayed, and where the Defendant has timely and in good faith sought the permit or approval;

h. Litigation, arbitration, or mediation that causes delay;

i. Epidemics and pandemics, including but not limited to COVID-19 related delays;

j. Supply chain issues and delays.

15. This Court retains jurisdiction over this matter and this case may be reopened without a filing fee so that the Parties may apply to the Court for any further order or relief that may be necessary regarding compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree. A precondition to any application to the Court under this paragraph is that the Parties must first seek to resolve the dispute themselves as follows: 1) the party identifying or wishing to raise an issue or dispute must provide the other party a written notice detailing the nature of the issue or dispute; and 2) within thirty (30) days of receipt of such notice, the Parties shall meet and confer regarding the issue or dispute. If the parties cannot resolve their dispute by meeting and conferring themselves, then the parties shall submit the matter to mediation with Maren Calvert as mediator in accordance with their Settlement Agreement. The parties shall have 30 days from the end of meet and conferral to mediate. The parties shall share all mediation costs equally. If Ms. Calvert is no longer available or is no longer mediating disputes,

CONSENT DECREE - 9
No. 3:21-cv-05834-BJR

Plauché & Carr LLP
1218 3rd Avenue, Suite 2000
Seattle, WA 98101
Phone: 206.588.4188

then the parties shall jointly select a new mediator to mediate their dispute. If no resolution is reached via mediation as required by the Parties' Settlement Agreement, either party may file a motion with this Court to resolve the dispute. In any action to enforce this Consent Decree, the Court shall apply the same standard applied by courts in awarding fees and costs under section 505(d) of the Clean Water Act, 33 U.S.C. 1365(d).

16. This consent decree is not intended to, and shall not in any way, limit or foreclose any person's ability to institute a CWA action against the HOA for CWA violations that occur after the entry of this consent decree.

17. This Consent Decree may not be modified or amended except by a writing signed by both Parties and entered by the Court.

18. All notices and other communications regarding this Consent Decree shall be in writing and shall be fully given by mailing via first-class mail, postage pre-paid; by delivering the same by hand; or by sending the same via e-mail to the following addresses, or to such other addresses as the Parties may designate by written notice, provided that communications that are mailed shall not be deemed to have been given until three business days after mailing:

| For Plaintiff | For Defendant |
|---|---|
| Steven D. Bang<br>2701 NW Lacamas Dr.<br>Camas, Washington, 98607 | Lacamas Shores Homeowners Association<br>6000 Meadows Road, Suite 500<br>Lake Oswego, OR 97035 |
| Plauché & Carr LLP<br>c/o Samuel W. (Billy) Plauché<br>1218 3rd Avenue, Suite 2000<br>Seattle, WA 98101 | Vial Fotheringham LLP<br>c/o Christopher M. Tingey<br>6000 Meadows Road, Suite 500<br>Lake Oswego, OR 97035 |

19. Each of the Parties acknowledges that it has sought and obtained the advice of its own independent legal counsel before executing this Consent Decree. The Parties acknowledge that they have had the opportunity to freely negotiate the terms of this Consent Decree.

CONSENT DECREE - 10
No. 3:21-cv-05834-BJR

Plauché & Carr LLP
1218 3rd Avenue, Suite 2000
Seattle, WA 98101
Phone: 206.588.4188

20. Each party shall, at the request of the other, execute, acknowledge, and deliver whatever additional documents, and do such other acts, as may be reasonably required in order to accomplish and/or carry out the intent, spirit, and purposes of this Consent Decree.

21. The Parties have agreed to resolve by agreement this CWA action, and each Party bears its own fees and costs.

SO ORDERED THIS 28th DAY OF August, 2024.

*[signature]*
Barbara Jacobs Rothstein
U.S. District Court Judge

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CONSENT DECREE - 11
No. 3:21-cv-05834-BJR

Plauché & Carr LLP
1218 3rd Avenue, Suite 2000
Seattle, WA 98101
Phone: 206.588.4188

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of Steven D. Bang v. Lacamas Shores Homeowners Association.

| **PLAUCHÉ & CARR LLP** | **VIAL FOTHERINGHAM LLP** |
|---|---|
| *s/Jesse DeNike* | *s/ Christopher M. Tingey* |
| Jesse DeNike, WSBA #39526 | David M. Phillips, WSBA #34018 |
| Samuel W. Plauché, WSBA #25746 | Christopher M. Tingey, WSBA #39944 |
| 1218 3rd Avenue, Suite 2000 | 17355 SW Boones Ferry Rd Ste A |
| Seattle, WA 98101 | Lake Oswego, OR 97035 |
| Telephone: (206) 588-4188 | Telephone: (503) 594-8116 |
| Facsimile: (206) 588-4255 | Facsimile: (503) 598-7758 |
| Email: jesse@plauchecarr.com | Email: david.phillips@vf-law.com |
|     billy@plauchecarr.com |     cmt@vf-law.com |
| *Attorneys for Plaintiff Steven D. Bang* | *Attorneys for Defendant Lacamas Shores Homeowners Association* |

CONSENT DECREE - 12
No. 3:21-cv-05834-BJR

Plauché & Carr LLP
1218 3rd Avenue, Suite 2000
Seattle, WA 98101
Phone: 206.588.4188